# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

ASHLEY DANIELS,

        Plaintiff,

        v.

DELAWARE NORTH COMPANIES, INC.

        Defendant.

**JURY TRIAL DEMANDED BY PLAINTIFF**

CASE NO. _____

## DEFENDANT DELAWARE NORTH COMPANIES, INC.'S
## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1446

Defendant Delaware North Companies, Inc. ("Delaware North"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the case styled *Ashley Daniels v. Delaware North Companies, Inc.*, Case No. 2522-cc009764, from the Circuit Court of City of St. Louis, Missouri. As set forth below, the Court has jurisdiction, and Delaware North has satisfied the procedural requirements for removal.

### I.    BACKGROUND

1.    On November 19, 2026, Plaintiff Ashley Daniels ("Plaintiff") filed her Petition against Delaware North in the Circuit Court of City St. Louis County, Missouri ("Petition"). Delaware North received the Summons and Petition on May 14, 2026. A copy of the Summons and Petition and all other process, order, and papers served on Delaware North, is attached as **Exhibit A, Petition, Summons, Docket and Docket Sheet**.

2.    The Petition asserts causes of action against Delaware North for alleged sex/gender discrimination in violation of the Missouri Human Rights Act ("MHRA") (Count I) and retaliation under the MHRA (Count II). Specifically, Plaintiff alleges, among other things, that Delaware

326222253v.2

North discriminated against her based on her sex/gender when it terminated her employment on May 19, 2024. (Ex. A, Petition, ¶¶ 11-17.) Plaintiff also alleges Delaware North took an adverse action against her in retaliation for when she purportedly raised complaints of discrimination. (*Id.* at ¶¶ 37-40.)

3.      Plaintiff alleges she has suffered harm and damage in the form of emotional distress, loss of income, and lost opportunities for advancement from the time of her termination of employment and continuing through the present. (*Id.* at ¶ 25.)

4.      With respect to Count I, Plaintiff claims she has suffered damages in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination. (*Id.* at ¶ 33.) For Count II, Plaintiff separately alleges she has suffered damages in the form of lost wages and benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination. Plaintiff seeks: (1) back pay; (2) front pay; (3) compensatory damages; (4) liquidated damages; (5) damages for pain and suffering; (6) costs; (7) attorneys' fees; and (8) other such relief that is deemed just and proper.  (*Id.* at p. 6.)  Plaintiff's Petition does not identify the amount of damages that Plaintiff seeks to recover. (*Id.*)

## II.    THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).

5.      Pursuant to 28 U.S.C. 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied: (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states." Here, both of these elements are met.

2

### A.    The Amount in Controversy Exceeds $75,000.

6.    In determining whether the jurisdictional amount in controversy has been met, the question is <u>not</u> whether the damages are, in fact, greater than $75,000, but "whether a fact finder might legally conclude that" the damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2003); *see also Jarrett v. Henkel Corp.*, No. 4:15-cv-0832-DGK, 2016 WL 407301, at *1 (W.D. Mo. Feb. 2, 2016) (relevant question is whether Plaintiff's claims "*could*" or "*might*" "legally satisfy the amount in controversy requirement") (emphasis added). Where allegations in Complaint do not definitely establish the amount-in-controversy, the Court may look to allegations in the notice of removal. *See e.g., Turley v. Wal-Mart Stores, E., L.P.,* No. 12-cv-06067-SJ-DJK, 2021 WL 5361745, *2 (W.D. Mo. Oct. 30, 2021); *Harris v. Meridian Med. Techs., Inc.*, No. 4:21-CV_00229 JCH, 2021 WL 1750154, at *1 (E.D. Mo. May 4, 2021) (the jurisdictional issue is not whether the damages are greater than $75,000 but whether a fact finder might legally conclude they are). Defendant's burden is merely a pleading requirement, not a demand of proof. *Harris v. Meridian Med. Techs., Inc.*, No. 4:21-CV-00229 JCH, 2021 WL 1750154, at *1 (E.D. Mo. May 4, 2021). Therefore, if Delaware North can show that a fact finder *could* legally award more than $75,000, its burden is met. *Id.*[1]

7.    Although Defendant denies that Plaintiff is entitled to any recovery at all, if this matter were to proceed to trial and Plaintiff were to prevail, then the MHRA makes clear that the factfinder here *could* legally award "actual back pay and interest on back pay," and "damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of

---

[1] Conversely, the plaintiff's burden is a "legal certainty standard" and a plaintiff seeking remand must prove it is legally impossible to recover $75,000. *Harris v. Meridian Med. Techs., Inc.*, No. 4:21-CV-00229 JCH, 2021 WL 1750154, at *1 (E.D. Mo. May 4, 2021)

326222253v.2

enjoyment of life, [] other nonpecuniary losses, and punitive damages" up to "five hundred thousand dollars." Mo. Rev. Stat. § 213.111.4.

8. Here, even though the Petition does not allege a specific amount of damages, the amount in controversy easily exceeds $75,000, exclusive of interest and costs. A fact finder could find that the jurisdictional threshold is satisfied by some combination of back pay, front pay, attorney's fees, and emotional distress damages. *See Spight v. Caterpillar, Inc.*, 2016 U.S. Dist. LEXIS 82348, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016) ("The jurisdictional amount of $75,000 is established when the Court considers lost income, emotional distress, reputational damages, attorney's fees, and other damages yet undetermined.").

9. In each Count of the Complaint, Plaintiff separately seeks damages for lost wages, lost benefits, and emotional distress damages. (Ex. A, Petition ¶¶ 33, 40.) She also collectively seeks back pay, front pay, compensatory and liquidated damages, pain and suffering, costs and attorneys' fees. (*Id.* at p. 6.) *See also Harris v. Meridian Med. Techs., Inc*. 2021 U.S. Dist. LEXIS 85149, at *5–6 (E.D. Mo. May 4, 2021) ("Here, Plaintiff has alleged two counts under the MHRA, each with its own prayer for relief seeking an amount 'over $25,000' in actual damages. Taken together, then, Plaintiff alleges actual damages totaling in excess of $50,000 . . . [T]he Court may aggregate all of [the p]laintiff's claims against [the d]efendant in order to satisfy the jurisdictional amount.")

10. If Plaintiff were to prevail in this action, the MHRA would allow her to recover back pay for the wages and benefits she was allegedly deprived. *See* Mo. Rev. Stat. § 213.111.4(1) (recognizing that "back pay" is one aspect of available recovery). Plaintiff's employment ended on May 19, 2024. (Ex. A, Petition ¶ 11.) At the time, she held the position of Stand Attendant Busch Stadium. (*Id.*) Her wages included $12.74 /hr, plus tips, and she was expected to work all

4

81 games per season, plus additional events, which would total approximately $11,665.64 for the season (**Exhibit B**, Declaration of Jamie Zito, ("Zito Decl.") ¶¶ 5-8.) Based on these anticipated wages, at a minimum, Plaintiff could claim back pay from May 2024 to October 2026[2] is approximately $32,834.86 if she prevails on her claims.

11.     Plaintiff does not seek reinstatement and, instead, seeks front pay. For a front pay award, Plaintiff could reasonably recover an award of two years' salary (*i.e.* $23,331.29) as front pay. *See e.g. Walker v. Fed. Express*, No. 4:19-CV-00068-AGF, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019) (including two years of front pay in amount of controversy analysis); *see also Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 637 (8th Cir. 1998) (affirming two years of front pay). Consequently, between back pay and front pay, Plaintiff could claim lost wages of $56,166.15.

12.     Additionally, damages under the MHRA may include awards for emotional distress and humiliation. *State ex rel. Sir v. Gateway Taxi Mgmt. Co.,* 400 S.W.3d 478, 491 (Mo. App. E.D. 2013) (upholding award of $50,0000 for humiliation and emotional distress for MHRA discrimination case); *Mathieu v. Gopher News Co.*, 273 F. 3d 769, 782 (8th Circ. 2001) (affirming award of $165,000 for emotional distress in disability discrimination case); *Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 87 (MO. Ct. App. 2015) (affirming award of $75,000 for emotional distress in harassment and retaliation case). Here, given Plaintiff's claims that she suffered pain and emotional distress from the discrimination and emotional distress from the alleged retaliation, and that Defendant acted with an "evil" motive, it is reasonable that Plaintiff could be awarded at least $50,000 for emotional distress.

---

[2] The state court preliminary set a trial date of October 5, 2026. (Ex. A, Docket Sheet.)

326222253v.2

13.      Additionally, if Plaintiff were to prevail in this action, she also would be entitled to seek recovery of her attorney's fees. *See* Section 213.111(2). When calculating the amount in controversy, compensatory damages, and attorneys' fees are all to be included for claims brought under the MHRA. *White v. United Parcel Service*, No. 4:11CV00707, 2012 WL 760936, at *2 (E.D. Mo. Mar. 8, 2012) (citing *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)); *see also Zunamon v. Brown*, 418 F.2d 883, 886 n.5 (8th Cir. 1969).

14.      Based on the Missouri Lawyers Media's 2023 publication, the median hourly rate for attorneys in St. Louis is $375, and the median hourly rate for a law firm partner in St. Louis is $400. (**Exhibit C**, Missouri Lawyers Media, Welcome to Billing Rates 2023, 2023 WLNR 38163591 (Nov. 8, 2023).) Plaintiff's counsel, Thomas Ahlbrandt, is a sole practitioner, and it is reasonable to assume his hourly rate would, at a minimum, fall between the $350/$400 hourly rate. *See* https://www.ahlbrandtlaw.com/about. Under these circumstances, an award of attorney's fees to Plaintiff for work performed through trial would likely exceed $75,000.00 by itself. *Walker v. Fed. Express*, No. 4:19-cv-00068-AGF, 2019 WL 2603544, *3 (E.D. Mo. June 25, 2019) ("The Court does not find entirely speculative that this case, if litigated to a verdict, could result in an award of attorney fees that would, when combined with damages, render the amount in controversy in excess of $75,000."). *Alhalabi v. Missouri Dep't of Nat. Res.*, 300 S.W.3d 518, 523 (Mo. Ct. App. 2009) (successful plaintiff on MHRA claim in St. Louis market awarded attorneys' fees of $474,949.00); *Ferguson v. Curators of Lincoln Univ.*, 498 S.W.3d 481, 488 (Mo. Ct. App. 2016) (successful plaintiff on MHRA claim in St. Louis market awarded $63,147.50 in attorneys' fees); *Soto v. Delaware North Wholesale Corp.*, 502 S.W.3d 38, 56 (Mo. Ct. App. 2016) (awarding $234,890 in attorneys' fees); *Hernandez v. Bridgestone Americas Tire Operations, LLC*, 831 F.3d 940, 942 (8th Cir. 2016) (FMLA interference, awarding $76,318 in attorneys' fees). Accordingly,

326222253v.2

it is clear that Plaintiff's recovery of attorney's fees alone in this matter would undoubtedly exceed $75,000.

15.     Finally, the MHRA does allow for an award of punitive damages up to $500,000 or five times the net amount of the judgment awarded to the plaintiff against the defendant. Mo. Rev. Stat. § 510.265.1. Plaintiffs who seek punitive damages under the MHRA have the burden to show that the defendant's conduct "was outrageous because of its evil motive or reckless indifference to the rights of others." *Brandon v. Bd. of Educ. of City of St. Louis*, No. 4:22-CV-00635-SRC, 2025 WL 3723823, at *7 (E.D. Mo. Dec. 23, 2025) (citing *Lawrence v. CNF Transp., Inc.*, 340 F.3d 486, 495 (8th Cir. 2003) (citation omitted)). Although Plaintiff does not expressly seek punitive damages, it is clear from her allegations that she is seeking such damages here. Here, Plaintiff describes Defendant's conduct as outrageous with "an evil motive and/or reckless indifference to the rights of others," the exact standard for awarding punitive damages, and also seeks other such relief that is deemed just and proper. (Ex. A, p. 6.) Thus, on the face of her Petition, Plaintiff alleges facts (which Defendant denies) to support an award punitive damages under the MHRA. (Ex. A, ¶ 40); *Brandon*, 2025 WL 3723823, at *7. Over the past decade, punitive damage awards under MHRA have ranged from $37,500 to $350,000. *Walker v. Federal Express*, No. 4:19-CV-00068-AGF, 2019 WL 2603544, at *2 (E.D. Mo. June 25, 2019) (citations omitted).

16.     For these reasons, and based on the potential back pay, front pay, emotional distress, attorneys' fees, and punitive damages at issue here, the amount in controversy clearly exceeds $75,000. *See e.g., Bey v. Poettker Constr.*, No. 4:23CV911 HEA, 2024 WL 1177690, at *2 (E.D. Mo. Mar. 19, 2024) (court found given the potential award for back pay, emotional distress, and attorney's fees outlined, the factfinder could legally award plaintiff more than

7

326222253v.2

$75,000, and the amount in controversy requirement was easily met in race discrimination and retaliation complaint under MHRA).

**B.    There is Complete Diversity Between Plaintiff and Delaware North.**

17.    Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Curry v. Maxson*, 318 F. Supp. 842, 844 (W.D. Mo. 1970) (citizenship and domicile are synonymous in this context).

18.    As alleged in the Complaint, Plaintiff was at the time of filing (and upon information and belief still is) domiciled in Illinois and is, therefore, a citizen of the State of Illinois for diversity jurisdiction purposes. (Ex. A, Compl. ¶ 5.)

19.    For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

20.    Delaware North is a Delaware corporation. (Ex. B, Vito Decl. at ¶ 10.) Buffalo, New York is the site of Delaware North's principal place of business, because it is where Delaware North's corporate headquarters are located and where its high-level officers direct, control, and coordinate its activities. (*Id.*) Accordingly, Delaware North is a citizen of New York and Delaware.

21.    Plaintiff's actual employer was St. Louis Sportservice, Inc.[3] (Ex. B, Vito Decl. at ¶ 5, 11-13.) St. Louis Sportservice, Inc. is also a Delaware corporation. (*Id.* ¶ 11.) Buffalo, New York is the site of St. Louis Sportservice's principal place of business, because it is where St. Louis Sportservice's corporate headquarters are located and where its high-level officers direct, control,

---

[3] Following removal and the filing of its responsive pleading, Defendant will request that Plaintiff stipulate to a substitution of parties in order to have the correct entity, St. Louis Sportservice, Inc., substituted in as the proper defendant.

8

and coordinate its activities. (*Id.* at ¶ 11.) Accordingly, St. Louis Sportservice is a citizen of New York and Delaware.

22.     Accordingly, there is complete diversity of citizenship between Plaintiff and Defendant, as neither are residents of the same state.

### III.    DELAWARE NORTH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.

23.     This Notice of Removal is timely in that it is filed within 30 days from the date Delaware North received a copy of the Summons and Petition. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

24.     Venue is proper in this District and Division because, pursuant 28 U.S.C. § 105(b)(1), this District and Division embraces the Circuit Court of City of St. Louis County, Missouri, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

25.     In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Delaware North in the Circuit Court of City of St. Louis County is attached as Exhibit A.

26.     Delaware North will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of City of St. Louis County and serve a copy on counsel for Plaintiff, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at **Exhibit D**. The Civil Cover Sheet for this matter is attached as **Exhibit E**.

### IV.    CONCLUSION

27.     For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446

9

are satisfied. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

28.    Should Plaintiff seek to remand this case to state court, Delaware North respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Delaware North asks that the Court retain jurisdiction and allow it to file a motion asking this Court to certify any remand order for interlocutory review by the United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Delaware North requests that the above-described action pending against it be removed to this Court. Delaware North requests all other relief, at law or in equity, to which it is justly entitled.

**[SPACE INTENTIONALLY LEFT BLANK]**

10

326222253v.2

DATED:  June 10, 2026

Respectfully submitted,
*Delaware North Companies, Inc.*


By:   *s/ Misty R. Martin*
   Misty R. Martin

   Uma Chandrasekaran *(\*petition for admission forthcoming)*
   IL Bar No. 6281690
   uchandrasekaran@seyfarth.com
   SEYFARTH SHAW LLP
   233 S. Wacker Drive, Suite 8000
   Chicago, IL 60606-6448
   Telephone:  (312) 460-5000
   Facsimile:  (312) 460-7000

   Misty R. Martin
   GA Bar No. 576363
   MA Bar No. 658599
   IL Bar No. 6284999
   mrmartin@seyfarth.com
   SEYFARTH SHAW LLP
   1075 Peachtree Street, N.E., Suite 2500
   Atlanta, Georgia  30309-3958
   Telephone:  (404) 885-1500
   Facsimile:  (404) 892-7056

   *Attorneys for Defendant*
   *Delaware North Companies, Inc.*

11

326222253v.2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 10, 2026, I electronically filed the foregoing with the Clerk of

the Court using the Missouri eFiling System which sent notification of such filing to the following:


Thomas M. Ahlbrandt
The Ahlbrandt Law Firm, LLC
6247 Brookside Blvd, Suite 245
Kansas City, MO 64113
tom@ahlbrandtlaw.com

*Attorney for Plaintiff*


/s/ *Misty R. Martin_____*
Misty R. Martin
GA Bar No. 576363
MA Bar No. 658599
IL Bar No. 6284999
*Counsel for Defendant*
*Delaware North Companies, Inc.*

326222253v.2