**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

ASHLEY DANIELS,

   Plaintiff,

  v.

DELAWARE NORTH COMPANIES, INC.

   Defendant.

Case No. 4:26-cv-00905-JMD

**DEFENDANT DELAWARE NORTH COMPANIES, INC.'S ANSWER AND
AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF ASHLEY DANIELS'
COMPLAINT**

Defendant DELAWARE NORTH COMPANIES, INC., by its attorneys, and pursuant

to Federal Rules of Civil Procedure 8 and 12, answers Plaintiff's Complaint ("Complaint")

and asserts its affirmative and other defenses as follows:

**GENERAL ALLEGATIONS**

**COMPLAINT ¶1:**

The claims in this Petition arise out of Plaintiff's employment relationship with
Defendant.

**ANSWER:**

Defendant admits Plaintiff purports to assert claims against Defendant relating to an

alleged employment relationship with Defendant. Defendant denies it employed Plaintiff and

denies the remaining allegations in Plaintiff's Complaint.

**COMPLAINT ¶2:**

Defendant is a foreign corporation that provides staffing for sporting events, including
at Busch Stadium in St. Louis, in the State of Missouri.

**ANSWER:**

Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

The unlawful conduct alleged herein occurred while Plaintiff was employed by Defendant at Busch Stadium: 700 Clark Ave., St. Louis, MO 63102.

**ANSWER:**

Defendant denies the allegations in Paragraph 3 of the Plaintiff's Complaint.

**COMPLAINT ¶4:**

In violation of the Missouri Human Rights Act ("MHRA") RSMo. § 213.010 *et. seq*, Plaintiff was subjected to unlawful discrimination and retaliation.

**ANSWER:**

Defendant denies the allegations in Paragraph 4 of Plaintiff's Petition.

**COMPLAINT ¶5:**

Plaintiff is an individual female who was a resident of Pulaski County, Illinois at all relevant times.

**ANSWER:**

Defendant lacks information and knowledge sufficient to form a belief as to the truth

of the allegations in Paragraph of Plaintiff's Complaint.

**COMPLAINT ¶6:**

Jurisdiction and venue over the parties is proper because the conduct described herein occurred in the City of St. Louis, Missouri.

**ANSWER:**

Defendant did not employ Plaintiff and, on these grounds, denies that jurisdiction and

venue is proper. Defendant also denies that the conduct described by Plaintiff herein occurred.

Defendant denies the remaining allegations in Paragraph 7 of Plaintiff's Complaint.

**COMPLAINT ¶7:**

At all relevant times, Defendant employed more than six individuals and is therefore an employer within the meaning of RSMo. § 213.010 *et. seq.*

2

**ANSWER:**

Defendant admits the allegations in Paragraph 7 of Plaintiff's Petition, but denies it was Plaintiff's employer.

**COMPLAINT ¶8:**

This action arises under the MHRA, RSMo. § 213.010 *et. seq.*

**ANSWER:**

Defendant admits Plaintiff purports to bring claims under MHRA, but denies it violated the MHRA.

**COMPLAINT ¶9:**

Plaintiff has exhausted her administrative remedies: she filed a Charge of Discrimination and received a Notice of Right to Sue Letter from the Missouri Commission on Human Rights (Exhibit A). This matter is timely filed.

**ANSWER:**

Defendant admits Plaintiff filed a Charge of Discrimination and a Notice of Right to Sue Letter was issued by the MCHR. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

**COMPLAINT ¶10:**

Jurisdiction is invoked pursuant to RSMo. § 213.010 *et. seq.*

**ANSWER:**

Defendant denies it employed Plaintiff and, on these grounds, denies the allegations in Paragraph 10 of Plaintiff's Complaint.

## STATEMENT OF FACTS

**COMPLAINT ¶11:**

Plaintiff was employed as an at-will employee of Defendant from March 1, 2020 through May 19, 2024 as a Stand Attendant at Busch Stadium.

**ANSWER:**

Defendant admits Plaintiff was employed as a Stand Attendant at Busch Stadium for a period of time. Defendant denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.[1]

**COMPLAINT ¶12:**

During the course of Plaintiff's employment with Defendant, she was subjected to discrimination on the basis of her sex/gender.

**ANSWER:**

Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

**COMPLAINT ¶13:**

Plaintiff is a female; her supervisor at the time of the termination of her employment was male.

**ANSWER:**

Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

On May 19, 2024, Plaintiff's supervisor observed her walking upstairs with a male co-worker instead of taking the elevator.

**ANSWER:**

Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

**COMPLAINT ¶15:**

Plaintiff was summoned to her supervisor's office as a result, and made to wait for two hours. Plaintiff was then issued a final warning despite having no prior disciplinary issues at work.

---

[1] Plaintiff was employed by St. Louis Sportservice, Inc., not Delaware North Companies, Inc. Defendant will confer with Plaintiff and propose a Stipulation to correct the caption and identify the proper entity as the defendant.

**ANSWER:**

Defendant admits Plaintiff had no prior formal disciplinary issues. Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint.

**COMPLAINT ¶16:**

Plaintiff supervisor then accused her of making a face, and asked if she wanted to be fired. Plaintiff stated that she did not do anything wrong and did not want to be fired.

**ANSWER:**

Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

Plaintiff's supervisor then terminated Plaintiff's employment. Notably, Plaintiff's male co-worker who walked up the same stairs as her instead of taking the elevator was not fired.

**ANSWER:**

Defendant admits Plaintiff's employment was terminated and that Defendant did not terminate the employment of the male co-worker, who was not on probation and did not engage in the same conduct as Plaintiff. Defendant denies the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

**COMPLAINT ¶18:**

Plaintiff was then asked by her supervisor to remove her company shirt and return it to him right there. Plaintiff objected as she was only wearing a bra underneath the shirt.

**ANSWER:**

Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

**COMPLAINT ¶19:**

Plaintiff then made this issue known to a female security guard, who refused to make Plaintiff remove the company shirt, over the request of Plaintiff's supervisor.

**ANSWER:**

Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint.

**COMPLAINT ¶20:**

Plaintiff attempted to contact Defendant's human resources department to complain about the above-described issues, but she was ignored.

**ANSWER:**

Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

Plaintiff's employment was terminated effective May 19, 2024.

**ANSWER:**

Defendant admits Plaintiff' employment was terminated, but denies the termination was effective May 19, 2024.

**COMPLAINT ¶22:**

Plaintiff was treated in a disparate manner from similarly situated male employees.

**ANSWER:**

Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

Defendant's rationale for termination of Plaintiff's employment was pretextual, and the true reason was discriminatory on the basis of her sex/gender (female).

**ANSWER:**

Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint .

**COMPLAINT ¶24:**

After Plaintiff's employment with Defendant was terminated, Plaintiff made diligent efforts to obtain new employment.

**ANSWER:**

Defendant denies it had an employment relationship with Plaintiff and denies it terminated that employment relationship. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24 of Plaintiff's Complaint.

6

**COMPLAINT ¶25:**

As a result of Defendant's conduct, Plaintiff has suffered harm and damage in the form of emotional distress, loss of income, and lost opportunities for advancement from the time of her termination and continuing.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 of Plaintiff's Complaint.

## COUNT I: MHRA SEX/GENDER DISCRIMINATION

**COMPLAINT ¶26:**

Plaintiff realleges and incorporates paragraphs 1 – 26 of the above Petition into Count I as if fully stated herein, and additionally states the following in support of Count I.

**ANSWER:**

Defendant realleges and incorporates its responses to Paragraphs 1-25 of Plaintiff's Complaint as if fully stated herein and provides the following responses to the additional allegations Plaintiff alleges in support. Defendant denies any remaining allegations in Paragraph 26 of Plaintiff's Complaint.

**COMPLAINT ¶27:**

Plaintiff is a female. She is a member of a protected group pursuant to RSMo. 213.010, *et. seq.*

**ANSWER:**

Defendant admits the allegations in Paragraph 27 of Plaintiff's Complaint.

**COMPLAINT ¶28:**

Defendant's actions as discussed above, constitute sex/gender discrimination in violation of the MHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

**COMPLAINT ¶29:**

Plaintiff was subjected to discriminatory conduct by Defendant, which were made on the basis of her sex/gender.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

**COMPLAINT ¶30:**

Plaintiff's termination was discriminatory in nature on the basis of her sex/gender.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint.

**COMPLAINT ¶31:**

Plaintiff's sex/gender was the motivating factor in Defendant's decision to terminate her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

Defendant's actions were undertaken maliciously or in reckless disregard for Plaintiff's right to be free from discrimination.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

**COMPLAINT ¶33:**

Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

**ANSWER:**

Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

### COUNT II: RETALIATION IN VIOLATION OF THE MHRA

**COMPLAINT ¶34:**

For her cause of action against Defendants under Count II of this Petition for Damages, Plaintiff states and alleges as follows:

**ANSWER:**

Defendant denies it employed Plaintiff, denies Plaintiff is entitled to any relief or damages, and provides the following responses to Plaintiff's allegations. Defendant denies any remaining allegations in Paragraph 34 of Plaintiff's Complaint.

**COMPLAINT ¶35:**

Plaintiff realleges and incorporates paragraphs 1 – 34 of the above Petition into Count II as if fully stated herein, and additionally states the following in support of Count II.

**ANSWER:**

Defendant realleges and incorporates its responses to Paragraphs 1-34 of Plaintiff's Complaint as if fully set forth herein and provides the following responses to Plaintiff's allegations.   Defendant denies any remaining allegations in Paragraph 35 of Plaintiff's Complaint.

**COMPLAINT ¶36:**

Plaintiff engaged in protected activity when she complained of discrimination and opposed her supervisor's conduct toward her on and after the date of her termination of employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint.

**COMPLAINT ¶37:**

Defendant took adverse employment action against Plaintiff in violation of the MHRA.

**ANSWER:**

Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

**COMPLAINT ¶38:**

Plaintiff's Petitions were a motivating factor in Defendant's adverse employment action and discriminatory conduct against her.

**ANSWER:**

Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint.

**COMPLAINT ¶39:**

Defendant's actions against Plaintiff were outrageous because Defendant had an evil motive and/or reckless indifference to the rights of others.

**ANSWER:**

Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint.

**COMPLAINT ¶40:**

Plaintiff has suffered damages as a result in the form of lost wages, lost benefits, and has suffered emotional distress damages associated with being terminated and for enduring acts of discrimination.

**ANSWER:**

Defendant denies the allegations in Paragraph 40 of Plaintiff's Complaint.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant on each previously enumerated count and claim and prays this Honorable Court to declare the conduct engaged in by Defendant to be a violation of Plaintiff's rights, and to Order the following:

a.    enjoin Defendant from engaging in such conduct;

b.    award Plaintiff equitable relief of back pay, and if appropriate and applicable, front pay;

c.    award Plaintiff compensatory, and liquidated damages;

d.    award Plaintiff damages for pain and suffering;

e.    award Plaintiff her costs and attorney's fees; and

f.    grant such other relief as it may deem just and proper.

**ANSWER:**

This Paragraph of the Petition constitutes Plaintiff's prayer for judgment and relief, to which no response is required. To the extent a response is required, Defendant denies there are any issues triable to a jury, denies Plaintiff has been damaged, and further denies Plaintiff is entitled to any relief whatsoever.

**DEMAND FOR JURY TRIAL**

**COMPLAINT ¶66:** [SIC]

Plaintiff demands a jury trial on all counts so triable.

**ANSWER:**

This Paragraph of the Petition constitutes Plaintiff's demand for a jury trial, to which no response is required. To the extent a response is required, Defendant denies there are any issues triable to a jury, denies Plaintiff has been damaged, and further denies Plaintiff is entitled to any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

**FIRST DEFENSE**

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

**SECOND DEFENSE**

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites, prior to bringing her claims before the Court, such claims are otherwise barred.

**THIRD DEFENSE**

To the extent Plaintiff alleges any employee of Defendant acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant.  Thus, Defendant is not liable for any such conduct, if it occurred.

w

11

## FOURTH DEFENSE

Defendant asserts that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

## FIFTH DEFENSE

Plaintiff is not entitled to punitive or liquidated damages because Defendant made good faith efforts to comply with the MHRA, and all applicable anti-discrimination laws.

## SIXTH DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and award Defendant its reasonable attorneys' fees, costs, expenses, and any and all other relief the Court deems just and proper.

12

DATED:  June 17, 2026

Respectfully submitted,
Delaware North Companies, Inc.


By:   /s/ *Misty R. Martin*
Misty R. Martin

Uma Chandrasekaran
IL Bar No. 6281690
uchandrasekaran@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, IL 60606-6448
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Misty R. Martin
GA Bar No. 576363
MA Bar No. 658599
IL Bar No. 6284999
mrmartin@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:  (404) 885-1500
Facsimile:  (404) 892-7056

*Attorneys for Defendant*
*Delaware North Companies, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

ASHLEY DANIELS,

       Plaintiff,

    v.

DELAWARE NORTH COMPANIES, INC.

       Defendant.

Case No. 4:26-cv-00905-JMD

**CERTIFICATE OF SERVICE**

I certify that on June 17, 2026, I filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Thomas M. Ahlbrandt
The Ahlbrandt Law Firm, LLC
6247 Brookside Blvd., Suite 245
Kansas City, MO 64113
tom@ahlbrandtlaw.com
*Attorney for Plaintiff*

/s/ Misty R. Martin
Misty R. Martin
GA Bar No. 576363
MA Bar No. 658599
IL Bar No. 6284999
*Counsel for Defendant*
*Delaware North Companies, Inc.*